UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VENESSA H. GALLARZO,<br><br>             Plaintiff,<br><br>        v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CV 20-9296-JGB (JPR)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

On October 9, 2020, Plaintiff, proceeding pro se, filed a Complaint challenging the denial of Social Security benefits. Defendant filed her Answer on September 7, 2021. Under the terms of the Court's November 6, 2020 case-management order, which advised Plaintiff of the availability of help from the pro se clinics, Plaintiff's motion for judgment on the pleadings was due October 12, 2021. When she neither filed the motion nor requested an extension of time to do so, the Magistrate Judge ordered her to show cause for the lack of prosecution, giving her 10 days to either do so or file her motion. The Magistrate Judge warned Plaintiff that if she did not timely respond to the order

in some way, her lawsuit would likely be dismissed. The deadline for her to respond was December 20, and to date she has neither done so nor requested an extension of time.

    Courts may dismiss lawsuits that are not diligently prosecuted. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). In determining whether to dismiss a plaintiff's action for failure to prosecute, a court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendant that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

    Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has not even attempted to rebut the presumption of prejudice to Defendant. No less drastic sanction is available, as Plaintiff has stopped communicating with the Court, even after it warned her that the lawsuit might be dismissed as a result. The Court is mindful of the pandemic and the difficulties it has caused, but it cannot simply leave hanging on its docket indefinitely a case in which Plaintiff has failed to comply with court orders in the hope that she will someday choose to respond. This lawsuit has already been pending for nearly a year and a half.

Although the fourth Carey factor weighs against dismissal — as it does in every case — the other factors together outweigh the public's interest in disposing of the case on its merits. See Long v. Astrue, 416 F. App'x 633, 634 (9th Cir. 2011) (upholding dismissal of Social Security action for failure to prosecute when plaintiff had not served summons and did not show cause for his failure to do so).

Plaintiff has failed to prosecute this action without demonstrating good cause, and it must therefore be DISMISSED. LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 25, 2022

JESUS G. BERNAL
U.S. DISTRICT JUDGE